United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| IBRAHIM MAWARI,<br><br>    Plaintiff,<br><br>    v.<br><br>CONSTELLIS, LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-06029-LB<br><br>**ORDER GRANTING SUMMARY JUDGMENT**<br><br>Re: ECF No. 46 |

## INTRODUCTION

The plaintiff Ibrahim Mawari, who was fired after exhausting his medical leave, sued Constellis and its subsidiary Triple Canopy for (1) wrongful termination in violation of public policy, (2) disability discrimination in violation of California Government Code § 12940, the Fair Employment and Housing Act (FEHA), (3) harassment in violation of FEHA, (4) failure to engage in an interactive process, (5) failure to reasonably accommodate disability under FEHA, (6) failure to prevent discrimination and harassment under FEHA, (7) unlawful retaliation in violation of FEHA, and (8) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200. The court grants summary judgment because the plaintiff has not established a genuine dispute of material fact on any claim.

**STATEMENT**

**1. The Plaintiff's Employment History**

Constellis and Triple Canopy employed Mr. Mawari as an armed protective security officer from October 2017 to March 2022. Mr. Mawari provided security for the United States Food and Drug Administration in San Francisco and reported to Lt. Nicolo Gopez and Capt. Gary Braunstein.[1] Mr. Mawari's role required him to be mentally and physically fit.[2] In January 2021, Mr. Mawari was diagnosed with a right-shoulder rotator-cuff tear and underwent therapy and surgery to remediate the injury.[3] In June 2021, he applied for leave under the Family Medical Leave Act (FMLA).[4]

**2. The Defendants' Medical Leave Policies**

The defendants' policies are available to employees, and the plaintiff acknowledged that he reviewed the medical and sick leave policies.[5] The defendants' FMLA policy requires employees to contact the Human Resources Department for eligibility. Human Resources then evaluates the request and determines whether further documentation is necessary. The FMLA policy allows for twelve weeks of unpaid leave for family and medical reasons within a twelve-month period. The defendants also use MetLife to administer short-term disability requests or Family Medical Leave. MetLife reviews claims and relevant data, makes determinations, and conducts ongoing evaluations regarding the employee's return to work. MetLife also provides claimants with information regarding claim denial. Finally, under the defendants' Personal Leave of Absence

---

[1] Askanas Decl. – ECF No. 46-1 at 2 (¶ 2). Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Sutkaykis Dep. – ECF No. 46-1 at 177 (pp. 21:4–16).

[3] Mawari Dep. – ECF No. 46-1 at 27 (pp. 112:1–21), 31 (pp. 134:19–23).

[4] MetLife Letter – ECF No. 46-1 at 217; MetLife Call Log – ECF No. 46-1 at 219.

[5] Mawari Dep. – ECF No. 46-1 at 21 (pp. 80:3–22); Policy Acknowledgment – ECF No. 46-1 at 211.

Policy, employees can take an additional ninety days of unpaid time off each calendar year, in addition to FMLA and short-term disability.[6]

### 3.  The Plaintiff's Leave and Termination

In June 2021, the plaintiff filed for a leave of absence under the defendants' FMLA policy and sent a doctor's note to his supervisor, Lt. Nicolo Gopez. The note did not state a start and end date for the plaintiff's leave, and Lt. Gopez requested an additional doctor's note providing those dates.[7] The second note, sent on June 17, 2021, said that Mr. Mawari could return to work on December 21, 2021.[8] He submitted a short-term disability claim to MetLife, which advised him that the protected leave would last only twelve weeks. In October 2021, Mr. Mawari sent Lt. Gopez a new doctor's note with a projected return date of February 2022. After the FMLA and short-term disability periods expired, the defendants gave the plaintiff two ninety-day periods of unprotected and unpaid leave until March 2022. During the second period of unpaid leave, the defendants' human resources generalist Kristine Gillespie sent the plaintiff a letter in January 2022 asking when he would return to work.[9] The plaintiff responded that he intended to return to work and had already provided the doctor's note with a return date.[10]

In February, however, Mr. Mawari was diagnosed with tinnitus. He informed Lt. Gopez and Ms. Gillespie that he was unable to return and did not provide an updated return date.[11] Ms. Gillespie again asked for information regarding his ability to return to work.[12] She also requested medical documentation and inquired about alternative accommodations for Mr. Mawari.[13] After

---

[6] FMLA Policy – ECF No. 46-1 at 68–74; Personal Leave of Absence Policy – ECF No. 46-1 at 76–79.

[7] Gopez Email String – ECF No. 46-1 at 81–82; Jan. 26, 2021 Doctor's Note – ECF No. 46-1 at 84.

[8] Jun. 17, 2021, Doctor's Note – ECF No. 46-1 at 88.

[9] Jan. 27, 2022, Gillespie Email – ECF No. 46-1 at 142.

[10] Jan. 27, 2022, Mawari Email – ECF No. 46-1 at 237–38.

[11] Feb. 7, 2022, Mawari Email – ECF No. 48-1 at 30.

[12] Mar. 7, 2022, Gillespie Email – ECF No. 46-1 at 234.

[13] Mar. 8, 2022, Gillespie Email – ECF No. 48-1 at 35–36.

United States District Court
Northern District of California

determining that the plaintiff had exhausted all available leave policies, the defendants terminated him, but encouraged him to reapply in the future.[14] Mr. Mawari reapplied toward the end of 2022, and the defendants determined that he was ineligible for rehire.[15]

### 4.  Procedural History and Jurisdiction

The plaintiff filed this action in Alameda County Superior Court of the State of California. The defendants removed the case to federal court under 28 U.S.C. § 1441. The court has diversity jurisdiction under 28 U.S.C. § 1332.[16] The parties consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c).[17]

### LEGAL STANDARD

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248–49. The party moving for summary judgment has the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263

---

[14] Mar. 23, 2022, Gillespie Email – ECF No. 46-1 at 260.

[15] Mawari and Triple Canopy Texts – ECF No. 46-1 at 269.

[16] Notice of Removal – ECF No. 1 at 2–9.

[17] Consent – ECF No. 9; Joint CMC Statement – ECF No. 13.

1    F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the

2    moving party need only point out 'that there is an absence of evidence to support the nonmoving

3    party's case.'") (quoting *Celotex*, 477 U.S. at 325).

4        If the moving party meets its initial burden, then the burden shifts to the non-moving party to

5    produce evidence supporting its claims or defenses. *Nissan Fire & Marine*, 210 F.3d at 1103. The

6    non-moving party may not rest upon mere allegations or denials of the adverse party's evidence,

7    but instead must produce admissible evidence that shows there is a genuine issue of material fact

8    for trial. *Devereaux*, 263 F.3d at 1076. If the non-moving party does not produce evidence to show

9    a genuine issue of material fact, then the moving party is entitled to summary judgment. *Celotex*,

10   477 U.S. at 323. In ruling on a motion for summary judgment, inferences drawn from the

11   underlying facts are viewed in the light most favorable to the non-moving party. *Matsushita Elec.*

12   *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

13       A "district court need not examine the entire file for evidence establishing a genuine issue of

14   fact, where the evidence is not set forth in the opposing papers with adequate references so that it

15   could conveniently be found." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir.

16   2001). In other words, "whatever establishes a genuine issue of fact must both be in the district

17   court file and set forth in the response." *Id.* at 1029; *see Keenan v. Allan*, 91 F.3d 1275, 1279 (9th

18   Cir. 1996) ("[I]t is not our task, or that of the district court, to scour the record in search of a

19   genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable

20   particularity the evidence that precludes summary judgment.").

21

22                                            **ANALYSIS**

23       Summary judgment for the defendants is warranted on all claims.

24

25   **1.    Reasonable Accommodation**

26       The issue is whether there is a genuine dispute of fact as to whether the defendants failed to

27   provide Mr. Mawari with reasonable accommodations. There is not; their FMLA leave policy, two

28   additional unpaid leaves of absence, and offer for job reassignment exceeded their obligations.

United States District Court
Northern District of California

Conversely, the plaintiff has not identified evidence of failure to provide any reasonable accommodation.[18]

FEHA makes it unlawful "for an employer . . . to fail to make reasonable accommodation for the known physical . . . disability of an applicant or employee." Cal. Gov't Code § 12940(m). In evaluating FEHA claims, courts use the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green. Arparicio v. Comcast, Inc.*, No. 16-cv-3952-JST, 2017 WL 3453348, at *5 (N.D. Cal. 2017) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Plaintiffs must first make out a prima facie case that (1) they have a disability covered by FEHA, (2) they were otherwise qualified to do their job, and (3) the defendant failed to reasonably accommodate the disability. *Scotch v. Art Inst.of Cal. – Orange Cnty.*, 173 Cal. App. 4th 986, 1009–10 (2009).

Here, the defendants met their initial burden for summary judgment by showing that they provided reasonable accommodations and questioning the plaintiff's prima facie evidence. The defendants honored the plaintiff's FMLA leave, gave him ninety days of leave pursuant to company policy, granted an additional ninety days of leave beyond company policy, and inquired about further accommodations to help the plaintiff return to work.[19]

In response, the plaintiff argues that he should have received more time off pursuant to his February message, which said that he was unable to work due to tinnitus and other issues. The problem is that, as far as the defendants knew, the request was for indefinite leave, which is per se not a reasonable accommodation under FEHA. *Zamora v. Costco Wholesale Corp.*, No. 23-cv-04223-JST, 2025 WL 28551, *4 (N.D. Cal. Jan. 3, 2025). It is undisputed that the plaintiff did not provide Constellis with a doctor's note or return date.[20] Instead, the plaintiff provided the information to MetLife.[21] All available evidence indicates that the defendants cannot access

---

[18] Mot. – ECF No. 46 at 17–19.

[19] Mar. 8, 2022, Gillespie Email – ECF No. 48-1 at 35–36.

[20] Opp'n – ECF No. 48 at 10, 14.

[21] *Id.*; Ingersoll Letter – ECF No. 48-1 at 50.

1    MetLife records and never learned of the return date sent there.[22]  The defendants cannot

2    unlawfully deny a request that they never received.

3        Nothing said by Constellis's 30(b)(6) designee Mike Sutkaytis — who testified on leave

4    policies — changes this analysis. He accurately explained that the plaintiff had exhausted his leave

5    under company policy. He further stated that the defendants were open to the plaintiff's return so

6    long as there was a definite return date but explained that the plaintiff indicated that he did not

7    know when he could return.[23]

8        In his opposition brief, the plaintiff makes additional conclusory statements about the

9    defendants' alleged failure to provide accommodations.[24] But briefs are not evidence, and

10   allegations are not facts. The plaintiff did not meet his burden to identify evidence for his prima

11   facie case, and thus the claim fails as a matter of law.

12

13   **2.  Interactive Process**

14       The issue is whether there is a genuine dispute of material fact about whether the defendants

15   failed to engage in the interactive process. There is not. Rather, all evidence indicates that the

16   plaintiff stopped engaging.

17       FEHA prohibits an employer from "fail[ing] to engage in a timely, good faith, interactive

18   process with an employee to determine effective reasonable accommodations, if any, in response

19   to a request for reasonable accommodation by an employee or applicant with a known physical or

20   mental disability." Cal. Gov't Code § 12940(n). "[I]t is the employee's initial request for an

21   accommodation which triggers the employer's obligation to participate in the interactive process

22   of determining one." *Spitzer v. The Good Guys, Inc.*, 80 Cal. App. 4th 1376, 1384 (2000). "The

23   interactive process requires communication and good-faith exploration of possible

24   accommodations between employers and individual employees with the goal of identifying an

25

26   _____

[22] Gillespie Dep. – ECF No. 46-1 at 204 (pp. 48:21–25).

27   [23] Sutkaytis – ECF No. 48-1 at 86 (142:12–19).

28   [24] Opp'n – ECF No. 48 at 22–23.

United States District Court
Northern District of California

1  accommodation that allows the employee to perform the job effectively." *Nadaf-Rahrov v. Neiman*

2  *Marcus Group, Inc.*, 166 Cal. App. 4th 962, 984 (2008). For the process to work, both sides must

3  communicate directly and exchange essential information, and neither side can delay or obstruct

4  the process. *Id.* at 984–85; *accord Humphrey v. Memorial Hosps. Ass'n*, 239 F.3d 1128, 1138–39

5  (9th Cir. 2001). The employee has the burden of proof to identify whether a reasonable

6  accommodation was possible. *Nadaf-Rahrov*, 166 Cal. App. 4th at 984.

7      The plaintiff argues that the defendants breached their obligation to engage in the interactive

8  process by refusing to extend his leave beyond March 2022.[25] The undisputed evidence shows that

9  the ball was in in the plaintiff's court.[26] After learning of the plaintiff's new medical challenges,

10  Ms. Gillespie asked the plaintiff for documentation and asked whether reasonable

11  accommodations could help him return to work. [27] As discussed above, there is no evidence that

12  the plaintiff provided the requested information to Constellis or identified reasonable

13  accommodations, instead standing on his request for apparently indefinite leave.

14      The court grants summary judgment for this claim.

15

16  **3. Disability Discrimination**

17      The issue is whether there is a genuine dispute of fact on the plaintiff's disability-

18  discrimination claim. The answer is no: it falls with the underlying accommodation claim.

19      The *McDonnell Douglas* test requires the plaintiff to establish a prima facie case of

20  discrimination. *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 354 (2000) (FEHA discrimination). After

21  the plaintiff establishes that rebuttable presumption of discrimination, the burden shifts to the

22  employer to provide a "legitimate, nondiscriminatory reason for the adverse-employment action."

23  *Id.* The burden then shifts back to the plaintiff to prove that the employer's stated reason for the

24  adverse action was pretextual. *Id.*

25

26  _____

27  [25] Opp'n – ECF No. 48 at 18.

    [26] Reply – ECF No. 50 at 12 (detailing all efforts to engage with the plaintiff).

28  [27] Mar. 8, 2022, Gillespie Email – ECF No. 48-1 at 35–36.

In a reasonable-accommodation case with an adverse employment action, a failure to make a reasonable accommodation is direct evidence of disability discrimination. *Capote v. CSK Auto, Inc.*, No. 12-cv-02958-JST, 2014 WL 1614340, at *7 (N.D. Cal. Apr. 22, 2014). "The disability discrimination and the reasonable-accommodation analyses merge, the court applies the general summary-judgment burden shifting analysis, and the disability-discrimination claim depends on the viability of the reasonable-accommodation claim coupled with a showing of the adverse employment action." *Id.* (collecting cases).

The disability discrimination claim is predicated on the alleged failure to provide reasonable accommodations. Because the reasonable-accommodation claim, so too does the discrimination claim.

### 4. FEHA Harassment

The issue is whether there is a genuine dispute of fact on the plaintiff's FEHA harassment claim. The claim fails because no reasonable jury could find severe harassment on this record.

To state a claim for harassment under the FEHA, the plaintiff must allege that (1) he is a member of a protected group, (2) he was subjected to harassment for belonging to the group, and (3) the "alleged harassment was so severe that it created a hostile work environment." *Lawler v. Montblanc N. Am.*, 704 F.3d 1235, 1244 (9th Cir. 2013) (citing *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 129–30 (1999)). The harassment must be a "concerted pattern . . . of a repeated, routine or a generalized nature." *Id.* "Isolated incidents that do not exist in a concerted pattern can also fulfill the 'severe or pervasive' prong, but only if such isolated incidents consist of 'a physical assault or the threat thereof.'" *Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 703–04 (N.D. Cal. 2014) (cleaned up).

In his opposition brief, the only evidence of harassment the plaintiff identifies is emails from Constellis personnel.[28] The plaintiff argues that the messages falsely suggest that he was not communicating with Constellis and threatened termination. Even if true, they do not evince severe

---

[28] Opp'n – ECF No. 48 at 23.

harassment. Ms. Gillespie, for example, says "[w]e have not received information from you regarding your ability to return to a position with the Company," and "[i]f we do not hear from you . . . you will be administratively separated from the Company."[29] If anything, the messages show Constellis's efforts to engage in the interactive process and provide reasonable accommodations. No reasonable jury could find that the emails constitute harassment.

## 5. Retaliation

The issue is whether there is a genuine dispute of fact as to whether the defendants retaliated against the plaintiff for protected activity. There is not. The plaintiff identifies no evidence of retaliation.

On a motion for summary judgment, courts analyze FEHA claims using the burden-shifting framework that the Supreme Court established in *McDonnell Douglas Corp.*, 2021 WL 981305, at *6. Under this framework, the plaintiff must present a prima facie case of discrimination. Then the burden shifts to the defendant to articulate a nondiscriminatory reason for the challenged action. If it does, then the plaintiff must raise a triable issue of material fact that the defendant's proffered reasons are pretext for unlawful discrimination. *Young*, 2021 WL 981305, at *6.

To state a prima facie claim of FEHA retaliation, a plaintiff must show that he engaged in a protected activity under the statute, his employer subjected him to an adverse employment action, and there is a causal link between these two events. *Lewis v. City of Benicia*, 224 Cal. App. 4th 1519, 1533 (2014) (FEHA).

The plaintiff's opposition does not identify an alleged retaliatory act.[30] Assuming, arguendo, it is the plaintiff's termination, he still provides no evidence of causation. Bald allegations in a brief

---

[29] Jan. 27, 2022, Gillespie Email – ECF No. 46-1 at 142; Mar. 7, 2022 Gillespie Email – ECF No. 46-1 at 234.

[30] Opp'n – ECF No. 48 at 24.

are not evidence, and the court need not scour the record for triable issues of fact.[31] *Keenan*, 91 F.3d at 1279.

### 6. Derivative Claims

The final issue is the plaintiff's derivative claims. The plaintiff admits that his claims for wrongful termination in violation of public policy, failure to prevent discrimination, harassment, and retaliation, and violation of the Bus. & Prof. Code § 17200 rest on the same evidence as the above.[32] Because there is no genuine dispute of material fact on the underlying issues of discrimination, harassment, and retaliation, the derivative claims also fail as a matter of law.

## CONCLUSION

The court grants summary judgment in favor of the defendants for all claims.

**IT IS SO ORDERED.**

Dated: May 29, 2025

_____
LAUREL BEELER
United States Magistrate Judge

---

[31] *Id.* ("Plaintiff's claim for retaliation is derivative of his claims for failure to engage in a good faith interactive process as well as the failure to reasonably accommodate a disability and discrimination. Here, Defendants retaliated against Plaintiff for having a disability, engaging in protected activity including exercising his right take medical/disability leave and for seeking an accommodation.").

[32] Opp'n – ECF No. 48 at 24–25.